# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 18-1978

———————————————

Robert Wayne Watson

*Plaintiff - Appellant*

v.

State of Nebraska

*Defendant*

Mutual of Omaha Bank; Old Republic National Title Insurance Company

*Defendants - Appellees*

——————————

Appeal from United States District Court
for the District of Nebraska - Lincoln

——————————

Submitted: January 17, 2019
Filed: January 30, 2019
[Unpublished]

——————————

Before BENTON, BOWMAN, and STRAS, Circuit Judges.

——————————

PER CURIAM.

Robert Watson challenged the foreclosure of his home in federal court. He alleges that various state-court orders violated his equal-protection rights and, separately, that Old Republic National Title Insurance breached a title-insurance policy by failing to make an insurance payment to Mutual of Omaha Bank. The district court[1] dismissed both claims.

The district court lacked jurisdiction under the *Rooker-Feldman* doctrine to consider Watson's equal-protection claim. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) ("The *Rooker-Feldman* doctrine . . . [applies to] cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."). Federal courts have no authority to "quash" state-court judgments, which is what Watson asked the district court to do. *See Skit Int'l, Ltd. v. DAC Techs. of Ark., Inc.*, 487 F.3d 1154, 1157 (8th Cir. 2007) (describing a "classic illustration" of an appeal covered by the *Rooker-Feldman* doctrine).

The district court also properly dismissed Watson's breach-of-contract claim. When a state-law claim is brought in federal court, the plaintiff must meet both Article III and state standing requirements. *See Myers v. Richland County*, 429 F.3d 740, 749 (8th Cir. 2005). Under Nebraska law, a plaintiff like Watson may not sue for breach of contract without being either a party or an intended third-party beneficiary of the contract. *See Marten v. Staab*, 543 N.W.2d 436, 441–42 (Neb. 1996). We agree with the district court that Watson was, at most, an incidental beneficiary who had no standing to sue. *See Palmer v. Lakeside Wellness Ctr.*, 798 N.W.2d 845, 850 (Neb. 2011) (discussing the requirements for enforcing a contract as a third-party beneficiary); *Spring Valley IV Joint Venture v. Neb. State Bank of Omaha*, 690 N.W.2d 778, 782–83 (Neb. 2005) (dismissing a

---

[1]The Honorable Robert F. Rossiter, Jr., United States District Judge for the District of Nebraska.

breach-of-contract claim for lack of standing because the claimant was only an incidental beneficiary).

The judgment of the district court is affirmed.  *See* 8th Cir. R. 47B.

_____